OTTO MOSER ET AL., PLAINTIFFS, v. CASTLES ICE CREAM
COMPANY, A CORPORATION, DEFENDANT.

Submitted June 5, 1924 --Decided October 7, 1924—Filed October
24, 1924.

Negligence—Motor Vehicle Collision Between Truck and Tour-
ing Car—Truck Turning Sharp Corner to Ascend Steep Hill,
With Vision Partly Obscured by Wall—Negligent in Use of
High Speed to Make Grade.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiffs, *David T. Wilentz.*

For the defendant, *Joseph T. Lieblich.*

PER CURIAM.

This case involves a collision between the defendant's
heavy motor truck and a Ford touring car, operated by Mrs.
Moser, one of the plaintiffs, which collision occurred at the
corner of Lewis and Water streets, in the city of Perth
Amboy. Substantially, the whole argument in the brief for
the defendant is directed to the two propositions that the
verdict is against the weight of evidence, both as respects
the primary negligence of the defendant and the contributory
negligence of Mrs. Moser. A discussion of these questions
involves a fairly careful consideration of the topographical
situation at that point.

Lewis street is a street of ordinary width, running sub-
stantially eastwardly from High street and points westward
thereof to Water street, where it stops. Water street is a
street leading along the top of a bluff overlooking Staten
Island sound, on which Perth Amboy is, for the most part,
situated, and as it approaches Lewis street descends sharply

to the level of a very few feet above tidewater and continues on that level past the end of Lewis street and around toward Long Ferry, bearing to the westward. Lewis street also descends very sharply as it approaches Water street. On the northwest corner of Lewis and Water streets is a masonry wall of some consideratble height, with terrace, trees and shrubbery cutting off the view to a large extent. At the time of the accident, Water street south of Lewis street, where it is level, was a one-way street devoted exclusively to north-bound traffic. As a result of this situation a motor car proceeding down Lewis street toward the sound could not turn to its right on reaching the foot of the hill, but would be obliged to turn to the northward on Water street and, by the same token, the truck, moving southward on Water street, was compelled by the traffic rules to turn to its right up the Lewis street hill. The practical situation was therefore such that the portion of Water street south of Lewis street can be entirely disregarded for the purposes of the case, and the *locus in quo* may as well be considered as one continuous street with a right-angled elbow in it, one part running north and south and the other east and west; and in the angle at the elbow, the wall, bank, trees, &c., cutting off the view of either party from the other until the corner was reached. It should seem sufficiently obvious that the driver of a heavy truck moving southward on Water street, and necessarily intending to turn westward up the Lewis street hill, should use a great deal of caution in rounding the corner because of the knowledge that any traffic in the opposite direction must necessarily turn the same corner, and could not see the truck until it reached the corner, and must have a reasonable place to make the turn. Water street is quite narrow at that point and is protected from the water by bulkheads.

We have read the evidence in this case with a good deal of care, and think the only reasonable interpretation to be given to it is that the driver of the motor truck did not proceed with sufficient caution in rounding the corner. On the contrary, he seems to have made his dispositions to get around

the corner and climb the Lewis street hill with something of a rush. He knew there was a hill there, and he knew that he had to turn to the right and climb it; he knew that he had a heavy truck; he knew that his truck was long and unwieldly and, according to his own testimony as we read it, he swung out somewhat from the angle of the corner in order to get room to make his turn at speed, and rush the hill. It was just at this juncture that the plaintiff's car came down hill. Mrs. Moser, it is true, admits that she knew the truck was coming, but, of course, she could not know that it was coming in this manner, and she was not required to assume that the driver would proceed in a negligent manner, but, on the contrary, she was entitled to assume the reverse. The evidence gives ample support to the view which the jury might have taken that defendant's driver, finding that he had come around the corner too fast, endeavored to save the situation by swinging his car to the left so as to head off the Ford, but merely succeeded in hitting it. The finding of negligence on the part of the defendant's driver is amply supported by the evidence, in our estimation.

As to contributory negligence, it may be said that an unusually careful person, under the circumstances, hearing the truck coming, might very well have stopped the Ford car at the top of the grade in Lewis street or part way down the grade and waited for it to come around the corner, but it certainly cannot be said that the jury must find that person guilty of negligence in having failed to do so.

Our conclusion is that neither on the ground of negligence nor of contributory negligence was the verdict against the weight of evidence, and, consequently, the rule to show cause will be discharged.